FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| SUNDANCE REHABILITATION CORPORATION, A CONNECTICUT CORPORATION, | 2013 SEP 12 A 11: 10<br>CLERK US DISTRICT COURT<br>ALEXANDRIA, VIRGINIA |
| Plaintiff, | |
| v. | |
| CHESTERTOWN NURSING CENTER INC., A MARYLAND CORPORATION, D/B/A CHESTERTOWN NURSING AND REHABILITATION CENTER, | CIVIL ACTION NO. 1:13cv1142 LMB (TRJ) |
| Defendant. | |

## COMPLAINT

Plaintiff SunDance Rehabilitation Corporation ("SunDance"), by its attorneys, Kevin DeTurris, Esq. and Day Pitney LLP, complaining of Chestertown Nursing Center Inc., d/b/a Chestertown Nursing and Rehabilitation Center ("Chestertown Nursing"), says:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff SunDance is a Connecticut corporation, having its principal place of business at 101 East State Street, Kennett Square, Pennsylvania.

2. Upon information and belief, defendant Chestertown Nursing is a Maryland corporation, having its principal place of business at 415 Morgnec Road, Chestertown, Maryland.

3. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) inasmuch as SunDance and Chestertown Nursing are citizens of different states and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

84893321.1

4. This Court has personal jurisdiction over Chestertown Nursing by virtue of, among other things, a June 1, 2001 Therapy Services Agreement between Chestertown Nursing and SunDance (the "Therapy Services Agreement"), that was executed and entered into in Alexandria, Virginia. Pursuant to the Therapy Services Agreement Chestertown Nursing agreed to pay SunDance for therapy services provided by SunDance at a nursing home facility operated by Chestertown Nursing in Chestertown, Maryland.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) pursuant to section 10.4 of the Therapy Services Agreement, in which Chestertown Nursing agreed "to the exclusive jurisdiction of the federal and state courts of the Commonwealth of Virginia to resolve all disputes, controversies, disagreements, suits, or proceedings between the parties arising from or relating to this Agreement" and "not to assert any claim that such actions instituted in the courts of the Commonwealth of Virginia are brought in an inconvenient forum or that venue is improper."

## FIRST COUNT
### (Breach of Contract)

6. SunDance repeats and makes a part hereof the allegations contained in paragraphs 1 through 5 of the Complaint.

7. At all times relevant herein, Chestertown Nursing operated a nursing home facility located at 415 Morgnec Road, Chestertown, Maryland (the "Facility").

8. On or about June 1, 2001, SunDance and Chestertown Nursing entered into the Therapy Services Agreement, pursuant to which SunDance was to provide certain therapy

services to patients of the Facility. A true copy of the Therapy Services Agreement is attached hereto as Exhibit A, and fully incorporated as set forth herein.

9. The Therapy Services Agreement provided for a one year term commencing on June 1, 2001 subject to automatic, successive one year renewal terms.

10. Pursuant to sections 3.1 and 3.2 of the Therapy Services Agreement, Chestertown Nursing was required to compensate SunDance for services rendered thereunder within thirty (30) days of receipt of an invoice from SunDance for such services.

11. Pursuant to section 3.2 of the Therapy Services Agreement, Chestertown Nursing agreed to pay interest at the rate of 1.5% per month on all invoices that were not paid within sixty (60) days of receipt of such invoices.

12. Pursuant to section 3.2 of the Therapy Services Agreement, SunDance could terminate the Therapy Services Agreement due to, among other reasons, Chestertown Nursing's failure to make payments to SunDance for services rendered within sixty (60) days of receipt of an invoice for such services.

13. Pursuant to section 10.7 of the Therapy Services Agreement, Chestertown Nursing agreed to reimburse SunDance for reasonable costs incurred by SunDance in collecting amounts owed under the Therapy Services Agreement, including reasonable attorneys' fees.

14. SunDance provided therapy services to Chestertown Nursing in accordance with the terms of the Therapy Services Agreement.

15. Chestertown Nursing repeatedly failed to make payments due and owing to SunDance for services performed from June 2012 through and including March 2013.

16. By letter dated February 5, 2013, SunDance demanded payment of the principal outstanding balance then due and owing by Chestertown Nursing.

17. Despite demand, Chestertown Nursing failed to pay its outstanding balance.

18. SunDance has complied with all of its obligations under the Therapy Services Agreement.

19. SunDance terminated the Therapy Services Agreement effective March 8, 2013, in accordance with the Therapy Services Agreement.

20. By letter dated June 26, 2013, SunDance demanded payment of the principal outstanding balance then due and owing by Chestertown Nursing.

21. Despite demand, Chestertown Nursing has failed to pay the amounts due and owing for services provided under the Therapy Services Agreement.

22. Chestertown Nursing's failure to pay amounts due and owing to SunDance for services provided under the Therapy Services Agreement constitutes a breach of the Therapy Services Agreement and has damaged SunDance.

23. Chestertown Nursing currently owes SunDance $452,970.29, exclusive of interest, for services provided by SunDance under the Therapy Services Agreement.

## SECOND COUNT
### (Payment on Book Account/Account Stated)

24. SunDance repeats and makes a part hereof the allegations contained in paragraphs 1 through 23 of the Complaint.

25. Chestertown Nursing owes SunDance the sum of $452,970.29, exclusive of interest, in accordance with a book account, as set forth below.

| Bill Date | Invoice Number | Invoice Amount | Balance |
|---|---|---|---|
| 6/30/12 | 1197590 | $46,306.19 | $46,306.19 |
| 7/31/12 | 1222421 | $59,064.57 | $59,064.57 |
| 8/31/12 | 1248670 | $51,222.74 | $51,222.74 |
| 9/30/12 | 1272981 | $43,338.79 | $43,338.79 |
| 10/31/12 | 1296339 | $57,693.75 | $57,693.75 |
| 11/30/12 | 1322662 | $49,359.34 | $49,359.34 |
| 12/31/12 | 1348458 | $38,735.76 | $38,735.76 |
| 1/31/13 | 1374931 | $53,915.34 | $53,915.34 |
| 2/28/13 | 1398369 | $43,424.37 | $43,424.37 |
| 3/31/13 | 1422430 | $9,909.44 | $9,909.44 |
| | | **Total** | **$452,970.29** |

26. Chestertown Nursing never objected to the invoiced amounts set forth above that SunDance charged to Chestertown Nursing.

27. Chestertown Nursing implicitly agreed that the invoice amounts set forth above are due and owing to SunDance.

5

84893321.1

28.  Accordingly, Sundance is entitled to a judgment in the amount of $452,920.29, plus attorneys' fees and costs, as well as any other relief the court deems fit.

## THIRD COUNT
### (Unjust Enrichment)

29.  SunDance repeats and makes a part hereof the allegations contained in paragraphs 1 through 28 of the Complaint.

30.  Beginning in June 2001, SunDance rendered therapy services to Chestertown Nursing's patients.

31.  Chestertown Nursing gained a benefit from the therapy services provided by SunDance at the Facility, recognized such benefit, and appreciated the gain from such benefit under the Therapy Services Agreement.

32.  There is an amount due from Chestertown Nursing to SunDance for therapy services rendered by SunDance.

33.  SunDance has demanded payment from Chestertown Nursing, but Chestertown Nursing has wrongfully refused to pay amounts owing to SunDance.

34.  By refusing to pay amounts due to SunDance for therapy services, Chestertown Nursing has been unjustly enriched, or in other words retained a benefit under circumstances that would be unjust.

35.  Accordingly, Sundance is entitled to a judgment in the amount of $452,920.29, plus attorneys' fees and costs, as well as any other relief the court deems fit.

## PRAYER FOR RELIEF

**WHEREFORE**, SunDance respectfully prays for judgment against Chestertown Nursing as follows:

(1) As to Count One, a judgment that Chestertown Nursing has breached the Therapy Services Agreement with SunDance and awarding SunDance compensatory damages in the amount of $452,970.29, together with SunDance's attorneys' fees and costs pursuant to section 10.7 of the Therapy Services Agreement.

(2) As to Count Two, a judgment that Chestertown Nursing is liable to SunDance for the amount owing on the book account and awarding SunDance compensatory damages in the amount of $452,970.29.

(3) As to Count Three, a judgment that Chestertown Nursing has been unjustly enriched by its failure to pay SunDance for services rendered and awarding SunDance compensatory damages in the amount of $452,970.29.

(4) As to all Counts, award SunDance its costs associated with this action, pre-judgment interest, and all other relief as the Court may deem just and proper.

PLAINTIFF, SUNDANCE
REHABILITATION CORPORATION

_____
Kevin F.X DeTurris (VSB# 65400)
The Law Offices of Kevin F.X. DeTurris, LLC
43948 Riverpoint Drive
Leesburg, Virginia 20176

Tel: (571) 252-8081
Fax: (571) 252-8086
Email: kdeturris@deturrislaw.com

Attorney for Plaintiff SunDance Rehabilitation Corporation

Of Counsel:

Paul R. Marino, Esq.
DAY PITNEY LLP
One Jefferson Road
Parsippany, NJ 07054